THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ISIDORE NATHAN and Others, Defendants.

Supreme Court, Albany County, January 5, 1931.

*John T. Delaney, District Attorney*, for the plaintiff.

*Daniel H. Prior*, for the defendants Nathan and Braun.

*Caplan & Caplan* [*Samuel Caplan* of counsel], for the defendant Ball.

FOSTER, J.   A grand jury of Albany county has found a large number of indictments against the defendants named, and in each indictment they are charged with the crime of forgery in the second degree.   On October 10, 1930, they were arraigned in the Albany County Court and each defendant entered a plea of not guilty to the charge, or charges, contained in each indictment.   They have moved before this court for an order, directing the removal of the trial of these indictments from Albany county to a term of the Supreme Court in some other county on the ground that a fair and impartial trial cannot be had in the county where such indictments were found.

A motion of this character is authorized by section 344 of the Code of Criminal Procedure, which provides in part as follows: "A criminal action, prosecuted by indictment, may, at any time before trial, on the application of the defendant, be removed from the court in which it is pending, as provided in this chapter, in the following cases:

"1.   *   *   *

"2. From the supreme court, or a county court, or a city court, to a term of the supreme court held in another county, on the ground that a fair and impartial trial cannot be had in the county or city where the indictment is pending."

The right thus given to defendants is a substantial one, and follows the fundamental principle of criminal jurispondence that every person accused of a crime is entitled to a fair and impartial trial before an unprejudiced jury.   Obviously, it is not within the realm of possibility to determine, with mathematical accuracy, the existence of prejudice or the extent thereof.   It has been held, therefore, that the true test is not the mere possibility of selecting an apparently unprejudiced jury, but whether from the circumstances of a particular case, there is a strong probability that bias exists in the community where the indictments are pending. (*People* v. *Webb*, 1 Hill, 179; *People* v. *McLaughlin*, 150 N. Y. 365.)

Each case must stand on its own merits, and in these cases it must be determined from the surrounding circumstances whether there is probable reason to believe that a fair and impartial trial cannot be had in the county where the venue is laid.

The indictments involved here, while they charge forgery in each instance, have as their basis charges of tax frauds alleged to have been committed by employees in the treasurer's office of the city of Albany in connivance with individuals on the outside in the issuance of forged tax receipts. The commission of these frauds was apparently first brought to the public attention through the medium of an investigation made by a joint legislative committee early in September, 1930. The subject of assessments and taxation in the city of Albany had been the subject of considerable discussion and controversy prior to such investigations, and in addition it is not too much to say that it was a subject which aroused intense public interest. The press, in the exercise of its legitimate function, published quite fully the proceedings of the committee, and gave to its readers a very complete account of the testimony adduced, in question and answer form. Such testimony eventually involved the defendants. The district attorney of Albany county, with commendable alacrity, promptly instituted criminal proceedings. One defendant fled, another was missing for a time. Both returned, and both are alleged to have confessed, and to have involved some of the defendants named herein in their confession. These matters were published in considerable detail. The whole matter at times became the subject of editorial comment. Its scope widened; it became a political issue, first locally, and then an issue of the State campaign. It was the subject of political speeches in Albany county and this resulted in more publicity. It is not necessary here to give details concerning all of these matters, for the outline given indicates the atmosphere which surrounded the charges. .

It is not reasonable to reject the inference that these circumstances in combination must have left an impression on the public mind. Neither the action of the press, the proceedings of the district attorney, nor the actions of those concerned with political issues can be justifiably criticised. Each within its proper sphere performed a legitimate public function, but the fact remains that this peculiar combination of circumstances created an atmosphere · which is not conducive to a fair and impartial trial. The average taxpayer, always sensitive about matters of taxation, may well have concluded that the frauds charged were a direct assault on his pocketbook, nor would assurances, as to a recovery of money lost, necessarily remove such impression. The evidence revealed

by the committee was certainly not calculated to soothe the feelings of the irate taxpayer, and he may well have been convinced from such evidence that those named were in fact guilty. A voluminous mass of form affidavits has been submitted by the defendants to establish their contentions in this respect, and the district attorney has countered by submitting an equally voluminous mass of affidavits to prove the contrary. Proof through the very uncertain medium of affidavits is invariably unsatisfactory, but in these cases the circumstances themselves lend color to the defendants' claim and are heavily in their favor.

For reasons less grave than those enumerated the places of trial of actions, merely civil in their nature, have been changed (*Barnes* v. *Roosevelt*, 164 App. Div. 540; *Niven* v. *Stoddard*, 225 id. 705). In his opinion in the case of *People* v. *McLaughlin* (*supra*) Judge MARTIN said: " That jurors are some times prejudiced, and courts may be unconsciously biased to the injury of one of the parties, must be admitted. Prejudice is often an insuperable barrier to the fair and impartial administration of the law. Its influence is subtle, insidious and often unconsciously warps the judgment and blinds the intelligence of those surrounded by its atmosphere. But its presence can usually be discovered only from the circumstances and conditions which produce it. In discussing this question in another case it was said: ' But there cannot well be any serious misapprehension as to the existence of facts [showing prejudice against the defendant], especially where they are of a public nature. The principal question is as to the inferences to be drawn from them. It [the trial] is the very thing which the law seeks to avoid, when it is seen that the party may, and probably will be drawn into a trial by a jury, who, under an influence of which they may themselves be hardly conscious — an influence which, perhaps, no human sagacity can detect — may pronounce a verdict against him, and conclude his rights forever.' "

Such language is particularly applicable to the circumstances developed here.

For the foregoing reasons the motion of the defendants is granted, and an order may be entered directing the removal of the trial of these indictments from the Albany County Court to a term of the Supreme Court to be held in the county of Ulster on the first Monday ·of March, 1931. Submit order accordingly.